UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, JR., | No. 2:18-cv-1055 WBS AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| D. BAUGHMAN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The case was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court is plaintiff's motion for a preliminary injunction. ECF No. 49. For the reasons stated below, the undersigned recommends that the motion be denied.

I.      MOTION FOR PRELIMINARY INJUNCTION

Plaintiff's motion asks that defendant Baughman be enjoined from continuing to deny plaintiff's family visits. ECF No. 49 at 1. Plaintiff contends that the denial of family visits is based on "false grounds and without evidence." Id. Plaintiff further asserts that related rules violation reports, which presumably led to the denial of his family visits, are "artificially inflated" and provide "false reasons for continued retaliation against him." Id.

Referencing the complaint, plaintiff argues that a rules violation report was wrongfully issued against him, and he was improperly given a SHU term based upon a determination that he

1

had possessed marijuana for distribution, despite the facts that a witness stated that he was not involved in the incident and that there was no intent on his part to distribute the contraband. ECF No. 1 at 2. The charge, plaintiff alleges, was retaliatory in nature and led to him being denied family visits. Id. Plaintiff further contends that his mental health assessment cautions that depriving him of his family visits will "negatively impact him." Id.

## II.   DISCUSSION

### A.   Applicable Law

"A preliminary injunction is an 'extraordinary and drastic remedy; it is never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). When evaluating the merits of a motion for preliminary injunctive relief, the court considers several factors. Under Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008), the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. Winter, 555 U.S. at 20; see Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter). The propriety of a request for injunctive relief hinges on demonstrated and immediate threatened irreparable injury that must be imminent in nature. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674-75 (9th Cir. 1988); see also Associated General Contractors of California, Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991) (citation omitted) ("A plaintiff must do more than merely allege imminent harm . . . , he or she must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.").

### B.   Analysis

#### 1.   Plaintiff's Success on the Merits Is Not Likely

Applying the Winter factors, plaintiff's motion for a preliminary injunction must be denied. First, plaintiff has not demonstrated that he is likely to succeed on the merits in this case. A pending motion for summary judgment, ECF No. 35, rests on the grounds that plaintiff has failed to exhaust his administrative remedies. If so, the court will not be able to address the

////

merits of plaintiff's claims, let alone resolve the case in plaintiff's favor.[1]

### 2. Likelihood of Irreparable Harm Not Shown

Second, plaintiff has not established that he will suffer irreparable harm from the continued denial of family visits. The temporary denial of a privilege does not constitute irreparable harm. Plaintiff appears to rely on harm to his mental state, stating: "It should be noted that the Mental Health Assessment included a warning from the Mental Health Clinician where it was noted that taking Family Visits from plaintiff would negatively impact him." ECF No. 49 at 2. There is no support for a finding here that any negative emotional impact rises to the level of irreparable harm. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co., 844 F.2d at 674 (citation omitted); In re Excel Innovations, Inc., 502 F.3d 1086, 1098 (9th Cir. 2007) ("Speculative injury cannot be the basis for the finding of irreparable harm."). Plaintiff's general claim that his mental health will suffer is not enough to support injunctive relief.

### 3. Balance of Hardships Do Not Tip in Plaintiff's Favor

Furthermore, the balance of equities and/or hardships in this case do not tip in plaintiff's favor. When making this determination, a court must consider the impact that granting or denying a motion for preliminary injunction will have on the respective groups. See International Jensen v. Metrosound U.S.A., 4 F.3d 819, 827 (9th Cir. 1993).

Here, plaintiff essentially asks this court to review and reverse the findings of prison officials that plaintiff violated disciplinary rules and that his family visiting privileges should therefore be revoked. See generally ECF No. 49 at 2. He recites facts that led to the rescission of his family visits, and argues that "[n]o evidence exists tying [me] to any acts that would justify [my] not getting [family] visits." Id. Judicial interference in matters of inmate discipline is highly disfavored, as prison authorities have broad discretion with respect to their handling of disciplinary matters. See generally Haines v. Kerner, 404 U.S. 519, 520 (1972); Myron v.

---

[1] See, e.g., 42 U.S.C. § 1997e(a) (requiring administrative exhaustion prior to bringing action in federal court); Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (stating Prison Litigation Reform Act establishes mandatory exhaustion regime that forecloses judicial discretion).

Terhune, 476 F.3d 716, 719 (9th Cir. 2007) (citation omitted) (stating federal courts should afford appropriate deference and flexibility to state officials trying to manage a volatile [prison] environment).  Because preliminary injunctive relief would interfere with correctional prerogatives, and plaintiff suffers no more than the continued loss of a privilege as the case progresses, the balance of equities and hardships does not favor an injunction.

        4.   Grant of Injunctive Relief Is Not in Public's Interests

For the same reasons stated above, granting plaintiff injunctive relief is not in the public interest.  A preliminary injunction would unnecessarily interfere with prison administration and would indirectly subvert the exhaustion requirement mandated by federal law.  See 42 U.S.C. § 1997e(a).  The court should first address the merits of the exhaustion issue, and if that issue is resolved in plaintiff's favor then the merits of his claims will be addressed in due course.  He faces no irreparable harm in the meantime.

III.    CONCLUSION

Plaintiff has failed to establish that any of the factors established in Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008), favor preliminary injunctive relief.  Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 49) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 19, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE