UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, JR., | No. 2:18-cv-1055 WBS AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| D. BAUGHMAN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983. The action was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court is defendant's motion for summary judgment on grounds of non-exhaustion. ECF No. 35. Plaintiff has filed an opposition, and defendant has filed a reply. ECF Nos. 42, 43. In addition, plaintiff has filed a motion to stay these proceedings. ECF No. 53. For the reasons stated below, the undersigned will recommend that defendant's motion for summary judgment be granted and that plaintiff's motion to stay be denied as moot.

I.  THE COMPLAINT

On screening of plaintiff's first amended complaint ("FAC"), the undersigned determined that plaintiff had stated a cognizable First Amendment retaliation claim against defendant Baughman, the warden of California State Prison – Sacramento ("CSP-Sacramento"), in both his

1

personal and official capacities.[1]  ECF No. 9 at 8-9, 11.  Plaintiff alleged that Warden Baughman had denied plaintiff's requests for family visits on an improper basis, in retaliation for plaintiff having litigated matters in state court that led to changes in prison visitation policies.  See id. at 5-6, 8-9.

## II. MOTION FOR SUMMARY JUDGMENT

Defendant Baughman seeks summary judgment on grounds that plaintiff did not exhaust his administrative remedies before bringing suit.  ECF No. 35-2 at 1-3, 7-9.  The motion is supported by the required statement of undisputed facts (ECF No. 35-3) as well as declarations from CSP-Sacramento's appeals coordinator and the associate director of the Office of Appeals (ECF Nos. 35-4 and 35-5, respectively), with supporting documentation.  Defendant contends that between January 1, 2017, and April 27, 2018, when the instant action was brought, plaintiff submitted three appeals to CSP-Sacramento's appeals office that related to family visitation or that identified defendant Baughman by name or title, none of which satisfy the administrative exhaustion requirement as to Baughman.

Plaintiff counters that Baughman interfered with the appeals process, and that Baughman's ongoing pattern of retaliation against him negates any claim that Baughman lacked notice of plaintiff's grievance.  ECF No. 42 at 1-4.  He argues that he was effectively deprived of an administrative remedy.  In a supplement to his opposition, ECF No. 44, plaintiff contends that a letter sent by his wife to the warden, and his appeal numbered SAC-16-02571 regarding the continued denial of family visits, provided constructive notice to defendant of the claim.

## III. GOVERNING LEGAL STANDARDS

### A. Summary Judgment

In general, summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party "initially bears the burden of proving the absence

---

[1] The undersigned determined that plaintiff could pursue a claim for damages against defendant Baughman in his personal capacity, and seek injunctive relief from Baughman in his official capacity.  See ECF No. 9 at 11.

of a genuine issue of material fact." In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). To meet this burden, the opposing party is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11.

The Ninth Circuit has laid out the specific analytical approach to be taken by district courts in assessing the merits of a motion for summary judgment based on the alleged failure of a prisoner to exhaust his administrative remedies:

> [T]he defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy. . . . Once the defendant has carried that burden, the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. However, . . . the ultimate burden of proof remains with the defendant.

Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (citation and internal quotations omitted).

B. The Exhaustion Requirement

1. The Prison Litigation Reform Act

Because plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA requires prisoners to exhaust available administrative remedies before bringing an action challenging prison conditions under Section 1983. 42 U.S.C. § 1997e(a). "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983." Albino, 747 F.3d at 1171 (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)). "[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007). It is the defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust

that available remedy." Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).  The burden then "shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him." Id.

Regardless of the relief sought, "[t]he obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing Booth v. Churner, 532 U.S. 731 (2001)).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies:  An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 578 U.S. 632, 642 (2016) (brackets in original).  In discussing availability in Ross the Supreme Court identified three circumstances in which administrative remedies were unavailable:  (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 578 U.S. at 643-44.  "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.' " Id. at 639.  "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 639.

2. California Regulations Governing Exhaustion of Administrative Remedies

"The California prison system's requirements 'define the boundaries of proper exhaustion.' " Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones, 549 U.S. at 218).  In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules. Woodford, 548 U.S. at 90.  At the time plaintiff filed the relevant grievances, the appeal process was initiated by an inmate' filing a

4

"Form 602" the "Inmate/Parolee Appeal Form," "to describe the specific issue under appeal and the relief requested." Id., § 3084.2(a).[2] "The California prison grievance system has three levels of review: an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)).

IV.     UNDISPUTED MATERIAL FACTS

For the purposes of summary judgment, the following material facts are either undisputed as actively stated by the parties, or they are undisputed as determined by the court. If warranted, any disputed facts will be identified for the reasons noted.

- Plaintiff was incarcerated at CSP-Sacramento at all times relevant to the complaint.
- Defendant Baughman was the warden at CSP-Sacramento during the relevant period.
- CSP-Sacramento has an administrative grievance process that has three levels of review and did during the relevant period.
- Between January 1, 2017, and April 27, 2018, when this action was filed, the appeals office at CSP-Sacramento received three inmate appeals from plaintiff that either related to family visiting or specifically identified Warden Baughman. Those appeals are numbered SAC-17-01040; SAC-17-01186, and SAC-17-00785.
- Only one of the relevant appeals, SAC-17-00785, identified Warden Baughman either by name or title.
- In appeal number SAC-17-00785, plaintiff claimed that Warden Baughman and the CEO of the prison authorized a procedure that restricted phone access to outpatient housing unit inmates in order to retaliate against plaintiff for his legal activities.

---

[2] Cal. Code Regs. tit. 15, § 3084.2 et seq. have been repealed. In January 2022, regulations that generally parallel those found in the relevant repealed regulations were codified. See generally Cal. Code Regs. tit. 15, § 3480(a) (stating implementation date, definitions of similar regulations). However, because the repealed regulations were applicable at the time plaintiff filed the complaint and defendant filed the motion to dismiss, the court cites herein to the repealed, related regulations they have are referenced by the parties in their pleadings.

5

- Appeal number SAC-17-00785 did not assert that Warden Baughman had denied plaintiff family visitation privileges.
- Appeal number SAC-17-01040 alleged that R. Ramirez,[3] a correctional counselor, retaliated against plaintiff by denying him family visits because he had successfully litigated suits and had helped other inmates with legal issues.
- SAC-17-01040 did not mention Warden Baughman or his position.
- Appeal number SAC-17-01186 also alleged that Ramirez retaliated against plaintiff when he denied him family visits because plaintiff was winning lawsuits against the prison and assisting other inmates with the law.
- SAC-17-01186 did not name Warden Baughman as an actor.
- SAC-17-01186 was denied and signed by Warden Baughman at the second level of review.
- In appeal number SAC-16-02571,[4] plaintiff alleged that false evidence was given to counsel at the Department of Justice related to a rules violation report. The appeal requested that false reports in plaintiff's file be corrected.
- Appeal number SAC-16-02571 did not name Warden Baughman as an actor who provided false evidence.
- Warden Baughman signed off on the denial of SAC-16-02571 at the second level of review.
- After SAC-16-02571 was denied at the second level of review, plaintiff documented on the 602 his "dissatisfaction" with the outcome and alleged generally that reliance on the disputed rules violation report to deny family visits was retaliatory for plaintiff's litigation activity.

---

[3] Ramirez was originally named as a defendant in this action but was dismissed during the screening process. See ECF No. 9 at 8, 12 (recommendation of dismissal of Ramirez and other defendants); ECF No. 15 (order adopting same).

[4] Plaintiff relies on this appeal in support of his argument that Baughman had knowledge of his retaliation claim. Plaintiff has provided a copy of the 602 form that originated this appeal, and defendant does not dispute the authenticity of the documents presented by plaintiff.

- In May 2017, plaintiff wrote a letter to Warden Baughman asking that certain documents be removed from his file.
- The May 2017 letter does not mention retaliation.
- In June 2017, plaintiff's wife sent a letter to Warden Baughman.
- The June 2017 letter informed defendant Baughman of the fact that certain documents needed to be removed from plaintiff's file, and alleged that prison staff was using the inappropriate documents to retaliate because of plaintiff's litigation success.

V. DISCUSSION

A. Defendant Has Met His Initial Burden

Warden Baughman has met his initial burden of demonstrating that there was an available administrative remedy and that plaintiff did not exhaust that remedy. See Albino, 747 F.3d at 1172. The administrative appeals system for inmate grievances is detailed in the Declaration of S. Boxall, Appeals Coordinator at CSP-Sacramento (ECF No. 35-4). The record of grievances submitted by plaintiff at CSP-Sacramento indicates that the administrative process was available to him prior to the of this lawsuit. See ECF No. 35-4 at 8-15 (record of plaintiff's administrative appeals provided by defendant); ECF No. 42 at 16-38, 51-83 (record of administrative appeals provided by plaintiff). It is clear that CSP-Sacramento had an administrative appeal process that was generally available to plaintiff, and that he regularly availed himself of it.

Defendant has also demonstrated that none of the three appeals submitted by plaintiff during the relevant period exhausted the retaliation claim at issue here. Appeal number SAC-17-00785 complained about a different act by Warden Baughman. Because this appeal did not address the substance of the claim presented in this lawsuit, it does not satisfy the exhaustion requirement. Appeals SAC-17-01040 and SAC-17-01186 did allege the retaliatory denial of prison visits, but they did not identify Baughman as the actor. Instead, these appeals addressed the conduct of Correctional Counselor Ramirez. As noted above, a state's applicable prison regulations "define the boundaries of proper exhaustion." Jones, 549 U.S. at 218; see also Woodford, 548 U.S. at 90 (compliance with procedural rules necessary to exhaust). California regulations require that an inmate "identify *all persons*, issues, and information in his originally

submitted CDCR 602 form in order to properly exhaust administrative remedies." Cal. Code Regs. tit. 15, § 3084.1(b) (emphasis added). Because plaintiff did not properly avail himself of the administrative process by filing a grievance that specifically named defendant Baughman and clearly identified the First Amendment retaliation claim, he did not exhaust the claim he now seeks to pursue.

### B.  Plaintiff Has Not Demonstrated the Unavailability of Remedies

Because the moving defendant has met his initial burden, the burden shifts to plaintiff to produce evidence that generally available administrative remedies were effectively unavailable to him. Albino, 747 F.3d at 1172; see also Rodriguez v. County of Los Angeles, 891 F.3d 776, 792 (9th Cir. 2018). The Supreme Court has limited the circumstances in which remedies may be deemed effectively unavailable. See Ross, 578 U.S. at 643-44.

Plaintiff argues that the administrative process was effectively unavailable because Baughman, as the warden, was himself responsible for reviewing staff misconduct grievances. Petitioner contends that it would have been an exercise in futility to name the warden in his grievances of the family visit issue. ECF No. 42 at 4-5. He cites California Code of Regulations Title 15 § 3084.7, arguing that it renders the actions of a prison's highest official essentially unreviewable. The regulation provides as follows:

> (d) Level of staff member conducting review.
>
>   (1) Appeal responses shall not be reviewed and approved by a staff person who:
>
>     (A) Participated in the event or decision being appealed. This does not preclude the involvement of staff who may have participated in the event or decision being appealed, so long as their involvement with the appeal response is necessary in order to determine the facts or to provide administrative remedy, and the staff person is not the reviewing authority and/or their involvement in the process will not compromise the integrity or outcome of the process.
>
>     (B) Is of a lower administrative rank than any participating staff. This does not preclude the use of staff, at a lower level than the staff whose actions or decisions are being appealed, to research the appeal issue.
>
>     (C) Participated in the review of a lower level appeal refiled at a higher level.

>(2) Second level review shall be conducted by the hiring authority or designee at a level no lower than Chief Deputy Warden, Deputy Regional Parole Administrator, or the equivalent.

Cal. Code Regs. tit. 15 § 3084.7(d)(1)-(2).

This language indicates that a grievance against the warden could have proceeded as long as Baughman was not the person who reviewed the grievance and/or his involvement in the process would not have compromised the integrity of the outcome of the appeal. Id. at (d)(1)(A). Had plaintiff filed a grievance against Baughman, review at the second level could have been assigned to a designee. Id. at (d)(2). For these reasons, plaintiff's theory fails to establish the unavailability of remedies.

Plaintiff also makes a number of arguments that rely on a constructive notice or actual notice theory, including reliance on correspondence with the warden. The PLRA's exhaustion requirement cannot be satisfied in this way. The statute requires completion of the institution's formal administrative review process in accordance with all applicable procedural rules. Woodford, 548 U.S. at 90. Informal complaints, no matter their efficacy in putting officials on actual notice of a problem, cannot substitute for exhaustion of the formal grievance process. See Fuqua v. Ryan, 890 F.3d 838, 844 (9th Cir. 2018) (inmate's letters to prison officials did not exhaust his administrative remedies as exhaustion requires complying with a particular agency's "critical procedural rules[.]"). Moreover, as the Supreme Court has emphasized, district courts lack the discretion to excuse exhaustion on equitable grounds. Ross, 578 U.S. at 639.

Plaintiff has not presented evidence that the inmate appeals process at CSP-Sacramento operated as a "simple dead end" in which officers were "unable or consistently unwilling to provide any relief to aggrieved inmates," or that the administrative scheme was "incapable of use" because "no ordinary prisoner can discern or navigate it." See id. at 643-44. Nor has he demonstrated that he was thwarted from taking advantage of the grievance process through "machination, misrepresentation, or intimidation." Id. Plaintiff's briefing on the motion echoes his FAC in making conclusory allegations of an ongoing campaign of retaliation against him, but he has not provided any specific evidence that he attempted to properly exhaust a retaliation claim against the warden but was thwarted in that effort by machination, misrepresentation or

intimidation.

Because defendant Baughman has satisfied his burden on the motion and plaintiff has not established that remedies were unavailable to him, the undersigned concludes that defendant is entitled to summary judgment on the issue of administrative exhaustion. Accordingly, this action should be dismissed. See Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (failure to exhaust prior to filing federal complaint requires dismissal of suit).

VI.   MOTION TO STAY

Plaintiff filed a motion to stay these proceedings.[5] ECF No. 53. Because the undersigned recommends that the case be dismissed, the motion is moot.

VIII.   PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

In order to exhaust your administrative remedies, you had to file a 602 claiming that Warden Baughman retaliated against you and appeal it up to the third level. Because you did not do that, your case must be dismissed. Exhaustion cannot be excused just because Baughman was the warden, because CDCR has a process for handling grievances against a warden. Constructive notice or actual notice is not enough.

CONCLUSION

For the reasons explained above, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment (ECF No. 35) be GRANTED;

2. Plaintiff's request for a stay of these proceedings (ECF No. 53) be DENIED as moot; and

3. This case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[5] At the time the motion was filed, plaintiff was being held at the county jail without the property and documents he needed to continue to prosecute this matter. ECF No. 53 at 1. Since then, however, it appears that plaintiff has been returned to state prison. See ECF No. 55 (change of address filed indicating same).

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 30, 2023

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE